UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02227

**Lampkin,**
*Plaintiff,*
v.
**AutoSavvy of San Antonio LLC,**
*Defendant.*

## ORDER

Plaintiff Kerry Ray Lampkin, Jr. moves this Court to enter an *ex parte* temporary restraining order ("TRO") that would restrain Defendant AutoSavvy of San Antonio LLC ("AutoSavvy") from selling or otherwise disposing of two specific vehicles. Because Plaintiff has not established that he will suffer irreparable harm before the Court has the opportunity to resolve a motion for preliminary injunctive relief, the motion for an *ex parte* TRO is DENIED.

Plaintiff filed a complaint against Defendant on August 13, 2026—as well as separate motions for a TRO and to expedite the case. *See* ECF Nos. 1, 2, 3. Plaintiff alleges that he bought two vehicles from AutoSavvy in July 2026: a Dodge Challenger and a Dodge Charger. ECF No. 1 at p. 9. Plaintiff alleges that AutoSavvy (or persons acting at its direction) caused his vehicles to be repossessed twice over by wrongly identifying the cars as stolen. *Id.* at p. 10.

A given plaintiff seeking injunctive relief—whether through a TRO or a preliminary injunction—must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Hernandez v. Ameri-Home Mortg. Co., LLC,* No. SA-25-CV-00996-FB, 2025 WL 3769300, at *1 (W.D. Tex. Sept. 2, 2025). The plaintiff bears the burden of proving each element. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). And "[w]ithout question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). After all, "under federal law [*ex parte* TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

Irreparable harm is "'harm for which there is no adequate remedy at law.'" *Louisiana v. Biden*, 55 F.4th 1017, 1033–34 (5th Cir. 2022) (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013)). "That is because the harm cause is inherently difficult to measure in terms of dollars." *WorldVue Connect Glob., L.L.C. v. Szuch*, 155 F.4th 472, 485–86 (5th Cir. 2025). So, a plaintiff seeking economic damages is irreparably harmed when "a meaningful decision on the merits would be impossible without an injunction." *Janvey*, 647 F.3d at 600 (citation omitted).

Plaintiff has not established the existence of irreparable harm. Although loss of a vehicle can be highly disruptive, Plaintiff has not demonstrated it rises to the level of irreparable harm required to grant injunctive relief at this stage—or harm that cannot later be remedied by money damages if the vehicles are sold or transferred. *See also Kowalko v. Philadelphia Fed. Credit Union*, No. CV 24-4918-KSM, 2024 WL 5656314, at *1 (E.D. Pa. Oct. 31, 2024) (noting that although "the possible

loss of [a] car could cost [] time, money, and energy, such inquiries are not enough to call for the drastic remedy of a preliminary injunction"). Plaintiff has not shown that his alleged harm of the loss of two mass-produced, used vehicles (of recent vintage) could not be recompensed by money damages over the normal course of litigation.

After all, "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."). At this early stage, nothing in Plaintiff's filings indicates that this case cannot proceed in the normal course such that Plaintiff's claims—if successful—cannot be remedied by money damages. *See, e.g.*, *Advanced EDR Sys., LLC v. Design Sols., Inc.*, No. A-07-CA-698-LY, 2008 WL 11416921, at *1 (W.D. Tex. Nov. 26, 2008) (denying a TRO on the basis that Plaintiff did not establish irreparable harm).

With this, Plaintiff has not shown the existence of irreparable harm as to the impoundment of his vehicles. The motion for an *ex parte* TRO, ECF No. 2, and the motion to expedite, ECF No. 3, are both DENIED.

*So ordered by the Court on August 14, 2026.*

ANDREW DAVIS
United States District Judge